**Meina TIAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72271.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.\*

Filed March 2, 2009.

Thomas J. Mayer, Long Beach, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Jennifer Paisner, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Meina Tian, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The BIA denied Tian's asylum application as time-barred. Tian does not challenge this finding in her opening brief.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding the number of times Tian was detained, where her October 10, 2000 arrest took place, and the date she was fired from her job. *See Don v. Gonzales*, 476 F.3d 738, 741–43 (9th Cir.2007). Substantial evidence further supports the agency's adverse credibility determination in light of an inconsistency between Tian's testimony and the medical

record she submitted regarding the date she allegedly suffered a forced abortion. *See id.* Accordingly, her withholding of removal claim fails.

As Tian's claim for CAT relief is based on the same evidence the agency deemed not credible, and she points to no additional evidence that the agency should have considered regarding the likelihood of torture if she is removed to China, her CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

